Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 POPULAR NAME GAMES OF CHANCE, SKILL AND OFF TRACK PARI-MUTUEL WAGERING AS AN INITIATED COUNTY BALLOT OPTION
 BALLOT TITLE AMENDMENT TO PROVIDE ANYONE OR GROUP THE RIGHT TO INITIATE AND PETITION THE LEGAL VOTERS OF A COUNTY WITHIN THE PROVISIONS OF AMENDMENT 7 OF THE CONSTITUTION OF THE STATE OF ARKANSAS TO ACCEPT OR REJECT PAY TO PLAY GAMES OF SKILL, BINGO, RAFFLES AND LOTTERIES BY NONPROFIT ORGANIZATIONS; TO PROVIDE ANYONE OR GROUP THE RIGHT TO INITIATE AND PETITION THE LEGAL VOTERS OF A COUNTY WITHIN THE PROVISIONS OF AMENDMENT 7 OF THE CONSTITUTION OF THE STATE OF ARKANSAS TO ACCEPT OR REJECT THE FOR PROFIT OPERATION OF PAY TO PLAY GAMES OF CHANCE, GAMES OF SKILL AND OFF TRACK PARI-MUTUEL WAGERING, BUT SHALL EXCLUDE BINGO, RAFFLES AND LOTTERIES AS A FOR PROFIT OPERATION, ON THE REGULAR GENERAL ELECTION BALLOT AS AN INITIATED LOCAL BALLOT OPTION; TO PROVIDE THE PERSON OR GROUP INITIATING AND PETITIONING THE LEGAL VOTERS OF A COUNTY AS AN INITIATED LOCAL OPTION ON THE FOR PROFIT OPERATION OF PAY TO PLAY GAMES OF CHANCE, GAMES OF SKILL AND OFF TRACK PARI-MUTUEL WAGERING DESCRIBES [SIC] ON THE INITIATIVE PETITION THE TYPE OF BUSINESSES AND FACILITIES IN WHICH PAY TO PLAY GAMES OF CHANCE, GAMES OF SKILL, AND OFF TRACK PARI-MUTUEL WAGERING SHALL BE OPERATED; TO PROVIDE NO RESTRICTIONS BY A PERSON OR GROUP INITIATING AND PETITIONING THE LEGAL VOTERS OF A COUNTY AS AN INITIATED LOCAL OPTION ON THE TYPES OF NONPROFIT ORGANIZATIONS ON THE INITIATIVE PETITION IN WHICH SHALL OPERATE PAY TO PLAY GAMES OF SKILL, BINGO, RAFFLES AND LOTTERIES; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY AND TO REPEAL ANY STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT
You have submitted popular names and ballot titles for similar proposed measures, which I have rejected on the grounds of certain ambiguities in the text of the proposed measures. See, e.g., Ops. Att'y Gen. Nos.99-433; 99-382; 99-378; 99-354; 99-353; 99-325; 99-323.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to the presence of certain unresolved ambiguities in the text of your proposed measure. I cannot fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable at this time to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b). It must be understood that my discussion of these areas of concern with your proposed measure does not purport to be exhaustive.
The following ambiguities must be clarified in your measure before I can perform my statutory duty:
 • Section 1(1) of your proposed measure permits county voters to allow non-profit organizations to operate certain types of gaming activities, including bingo, raffles, and lotteries. Section 1(2) of your proposed measure purports to allow for-profit organizations (if approved by the county voters) to operate certain types of gaming activities, but not bingo and raffles. This section does not state whether for-profit organizations would be permitted to operate lotteries or not. Because your proposed measure defines "lottery" and "raffle" identically, it is unclear whether the measure intends to allow for-profit organizations to operate lotteries, or whether it intends to exclude lotteries from the activities that may be operated by for-profit organizations. A further complication is that if for-profit organizations would not be permitted to operate lotteries, there may be a conflict between this prohibition and the fact that some of the activities that these organizations are permitted to operate would, as a matter of fact and law, constitute "lotteries" as that term has been defined by the Arkansas Supreme Court.
 • Section 1(2) of your proposed measure purports to allow for-profit organizations to operate pari-mutuel wagering. Section 1(3), in turn, refers to "off-track pari-mutuel wagering" operated by for-profit organizations. It is unclear whether for-profit organizations would be limited by your measure to operating only off-track pari-mutuel wagering, or whether they would not be limited in this manner with regard to pari-mutuel wagering.
 • Section 1(3) of your proposed measure requires the initiating parties to describe on the petition "the type of for profit business and facility" in which certain activities would be conducted. It is unclear from this language exactly what information must be provided by such a description.
 • Section 1(4) of your proposed measure prohibits restrictions by the initiating parties on the "type of nonprofit organization and facility" in which certain activities are to be operated. It is unclear whether other law-making entities would be similarly restricted after the measure is approved by the county voters.
 • The phrase "games of chance" is defined very broadly in Section 2(1)(d). Indeed, the language of this definition is broad enough to encompass games such as bingo. This factor gives rise to a possible internal conflict in what activities non-profit organizations would be permitted to operate.
Unless the foregoing ambiguities are resolved, I will be unable to summarize your proposed amendment effectively. I reiterate that I do not purport to have set out an exhaustive discussion of possible problems with the proposed measure. For this reason, I recommend that you consult with legal counsel of your choice, or with a person who is skilled in the drafting of legislation.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See
A.C.A. § 7-9-107(c). You may, after clarification of the issues discussed above, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I anticipate that some changes or additions to your submitted ballot title may be necessary to reflect adequately the clarified language of the proposed amendment. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General